1 | EDWARD G. SCHLOSS | CA Bar No. 102858
LIOR KATZ | CA Bar No. 284559
2 | LANCE KAUFMAN | CA Bar No. 309186
3637 Motor Avenue, Suite 220
3 | Los Angeles, California 90034
Tel: (310) 733-4488 | Fax: (310) 836-4888
4 | B25598/gm

5 | Attorneys for Movant
BAYVIEW LOAN SERVICING, LLC, as servicing agent
6 | for The Bank of New York Mellon fka The Bank of New
York, as Trustee for the Certificateholders of the CWALT,
7 | Inc. Alternative Loan Trust 2006-OA12 Mortgage Pass-
Through Certificates, Series 2006-OA12

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>GHOLAMALI HERISCHIAN-HERIS *dba*<br>HERIZ MUSIC AND ARTS *aka*<br>GHOLAMALI HERICSHIAN-HERIS,<br><br>Debtor(s). | Bk. No.: 14-31495-DM<br><br>R.S. No. EGS-265<br><br>Chapter 13<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY RE: PROPERTY LOCATED AT 2644 TROUSDALE DRIVE, BURLINGAME, CA 94010<br><br>Hearing -<br>Date: October 18, 2018<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>450 Golden Gate Avenue, 16th Floor<br>Courtroom 17<br>San Francisco, CA 94102<br><br>Honorable Dennis Montali |

BAYVIEW LOAN SERVICING, LLC, as servicing agent for The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-OA12 Mortgage Pass-Through Certificates, Series 2006-OA12 ("Movant" herein), moves and notices the Court for relief from the Automatic Stay provided by 11 U.S.C. Section 362. This motion seeks an order terminating the Automatic Stay of 11 U.S.C. Section 362 as to moving party (and the Trustee under the Deed of Trust securing moving

1

party's claim), so that moving party (and its Trustee) may complete all acts necessary to foreclose under the Deed of Trust secured by Debtor's *principal residence* generally described as **2644 Trousdale Drive, Burlingame, CA 94010** ("subject property" herein). The motion will also seek attorneys' fees and costs under the Note and Deed of Trust securing Movant's claim, or alternatively under 11 U.S.C. Section 506(b) and such other relief as the Court deems just and proper. This motion is based on this Motion for Relief from Automatic Stay, and the Declaration in Support filed concurrently herewith.

Movant is the current holder of a Note (attached as **Exhibit "B"** to the Declaration in Support), dated May 18, 2006, in the original principal amount of $960,000.00, which is secured by the above-referenced first Deed of Trust (attached as **Exhibit "C"** to the Declaration in Support), recorded on May 25, 2006. Mortgage Electronic Registration Systems, Inc., the original beneficiary under the subject deed of trust, transferred its beneficial interest in the subject deed of trust to The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-OA12 Mortgage Pass-Through Certificates, Series 2006-OA12 ("The Bank of New York Mellon" herein) via an Assignment of Deed of Trust (attached as **Exhibit "D"** to the Declaration in Support), recorded on June 20, 2011. Bayview Loan Servicing, LLC is the servicing agent for The Bank of New York Mellon pursuant to a servicing agreement attached hereto as **Exhibit "E"** to the Declaration in Support.

On October 15, 2014, Debtor filed the *instant* Chapter 13 bankruptcy case. On February 18, 2015, Movant's prior servicer filed a Proof of Claim (claim no. 21), listing $346,452.69 in *pre-petition* arrears and a total claim of $1,328,759.74 due as of the time of filing of the instant bankruptcy. On April 30, 2015, Debtor filed his proposed *Amended* Chapter 13 Plan (docket entry no. 50). Debtor's proposed *Amended* Chapter 13 Plan lists Movant as a Class 1 creditor and provides that Debtor will directly pay the *post-petition* monthly mortgage payments due on Movant's loan. Debtor's proposed *Amended* Chapter 13 Plan was confirmed by an Order entered by the Court on May 21, 2015.

On February 9, 2018, Debtor filed an Amended Motion to Modify Chapter 13 Plan

("Motion to Modify") (docket entry no. 79). Movant filed an Opposition to Debtor's Motion to Modify on March 2, 2018 (docket entry no. 82) due to the unreasonable delay and infeasibility of Debtor's Motion to Modify. Debtor's Amended Motion to Modify Chapter 13 Plan was granted at the April 18, 2018 hearing.

Debtor has not made all of his *post-petition* monthly mortgage payments to Movant since the filing of the instant bankruptcy. A *post-petition* payment history listing all of the monthly mortgage payments tendered by Debtor since the filing of the instant bankruptcy case is attached as **Exhibit "F"** to the Declaration in Support. As of September 17, 2018, Debtor was due and owing for a total of **thirty-nine (39)** *post-petition* monthly mortgage payments for the months of **July 2015** through and including **September 2018.** Debtor's failure to maintain his post-petition obligations to Movant, as required in Chapter 13, is cause for relief from stay pursuant to 11 U.S.C. §362(d)(1). See, e.g., In re Ellis 60 B.R. 432, 435 (9th Cir. BAP 1985). This motion is based on this Motion, and the Declaration in Support filed concurrently herewith.

Debtor indicated in his Schedule "D" (filed on November 27, 2014, as docket entry no. 15) (**Exhibit "G"**) that there is a junior lien encumbering the subject property in favor of Real Time Resolutions in the amount of $127,973.00.

Based upon the foregoing, Movant alleges that Movant is not adequately protected, that the subject Property is not necessary to effectuate Debtor's rehabilitation, and that it would be unfair and inequitable to delay this Movant in the foreclosure of Movant's interest. Movant urges that this Court issue an Order herein permitting Movant to proceed to a Trustee's Sale of the Property, including necessary action to obtain possession of the subject Property.

Movant requests permission to contact Debtor via telephone, cellular phone, or written correspondence regarding potential loss mitigation options pursuant to applicable non-bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales, and/or absolve Debtor of the duty to file any necessary pleadings, amendments, or plan modifications that may be required with regard to such loan modification.

In the event neither Debtor nor Debtor's counsel appear at a hearing on this motion, the Court may grant relief from the Automatic Stay permitting moving party to foreclose on the

subject property, and obtain possession of such property without further hearing.

WHEREFORE, Movant prays judgment as follows:

(1) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with foreclosure proceedings under this Movant's Trust Deed and to sell the subject Property at a Trustee's Sale under the terms of said Trust Deed, and thereafter to take necessary action to obtain possession of the Property.

(2) For an Order allowing Movant, at its option, to contact Debtor via telephone, cellular phone, or written correspondence regarding potential loss mitigation options pursuant to applicable non-bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales, and/or absolve the Debtor of the duty to file any necessary pleadings, amendments, or plan modifications that may be required with regard to such loan modification.

(3) For an Order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

(4) For attorneys' fees and costs of suit incurred herein.

(5) For such other relief as this Court deems appropriate.

DATED: September 29, 2018                                EDWARD G. SCHLOSS

By /s/ *Edward G. Schloss*
EDWARD G. SCHLOSS
Attorney for Movant

Z:\LAW FILES\MOT\SF13BLS.BNYM.MOT.MFR.Herischian-Heris.B25598.2.wpd