EDWARD G. SCHLOSS | CA Bar No. 102858
LIOR KATZ | CA Bar No. 284559
LANCE KAUFMAN | CA Bar No. 309186
3637 Motor Avenue, Suite 220
Los Angeles, California 90034
Tel: (310) 733-4488 | Fax: (310) 836-4888
B25598/gm

Attorneys for Movant
BAYVIEW LOAN SERVICING, LLC, as servicing agent
for The Bank of New York Mellon fka The Bank of New
York, as Trustee for the Certificateholders of the CWALT,
Inc. Alternative Loan Trust 2006-OA12 Mortgage Pass-
Through Certificates, Series 2006-OA12

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Bk. No.: 14-31495-DM |
| | R.S. No. EGS-265 |
| GHOLAMALI HERISCHIAN-HERIS *dba* HERIZ MUSIC AND ARTS *aka* GHOLAMALI HERICSHIAN-HERIS, | Chapter 13 |
| | DECLARATION OF Kevin Escalante IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY RE: PROPERTY LOCATED AT 2644 TROUSDALE DRIVE, BURLINGAME, CA 94010 |
| Debtor(s). | |
| | Hearing - |
| | Date: October 18, 2018 |
| | Time: 9:30 a.m. |
| | Place: United States Bankruptcy Court 450 Golden Gate Avenue, 16th Floor Courtroom 17 San Francisco, CA 94102 |
| | Honorable Dennis Montali |

I, _Kevin Escalante_____, declare and state as follows:

1. As to the following facts, I know them to be true of my own personal knowledge, and if called upon to testify in this action, I could and would testify competently thereto.

2. I am an employee of BAYVIEW LOAN SERVICING, LLC, as servicing agent for The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-OA12 Mortgage Pass-Through Certificates,

1

Series 2006-OA12 ("Movant" herein). I am a Document Coordinator of Bayview Loan Servicing, LLC ("Bayview" herein) and am authorized to sign this declaration on behalf of Bayview. In this position, I have access to the business records of Bayview, and my responsibilities include ascertaining and verifying amounts due and payable as to delinquent bankruptcy accounts. As part of my job responsibilities for Bayview, I am familiar with the types of records maintained by Bayview in connection with the Loan and the procedures for creating those types of records. I have access to and have reviewed the books, records and files of Bayview that pertain to the Loan and extensions of credit given to Debtor concerning the Property. The information in this declaration is taken from Bayview's business records regarding the Loan. I have personal knowledge of Bayview's procedures for creating these types of records. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Bayview's regularly conducted business activities; and (c) it is the regular practice of Bayview to make such records.

3. The subject real property securing said <u>first</u> trust deed loan is Debtor's real property generally described as **2644 Trousdale Drive, Burlingame, CA 94010**, and legally described in **Exhibit "A"** ("subject property" herein").

4. Movant is the current holder of a Note (**Exhibit "B"**), dated May 18, 2006, in the original principal amount of $960,000.00, which is secured by the above-referenced <u>first</u> Deed of Trust (**Exhibit "C"**), recorded on May 25, 2006. Mortgage Electronic Registration Systems, Inc., the original beneficiary under the subject deed of trust, transferred its beneficial interest in the subject deed of trust to The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-OA12 Mortgage Pass-Through Certificates, Series 2006-OA12 ("The Bank of New York Mellon" herein) via an Assignment of Deed of Trust (**Exhibit "D"**), recorded on June 20, 2011. Bayview Loan Servicing, LLC is the servicing agent for The Bank of New York Mellon pursuant to a servicing agreement attached hereto as **Exhibit "E"**.

2

5. On October 15, 2014, Debtor filed the *instant* Chapter 13 bankruptcy case. On February 18, 2015, Movant's prior servicer filed a Proof of Claim (claim no. 21), listing $346,452.69 in *pre-petition* arrears and a total claim of $1,328,759.74 due as of the time of filing of the instant bankruptcy. On April 30, 2015, Debtor filed his proposed *Amended* Chapter 13 Plan (docket entry no. 50). Debtor's proposed *Amended* Chapter 13 Plan lists Movant as a Class 1 creditor and provides that Debtor will directly pay the *post-petition* monthly mortgage payments due on Movant's loan. Debtor's proposed *Amended* Chapter 13 Plan was confirmed by an Order entered by the Court on May 21, 2015.

6. On February 9, 2018, Debtor filed an Amended Motion to Modify Chapter 13 Plan (docket entry no. 79). Movant filed an Opposition to Debtor's Amended Motion to Modify Chapter 13 Plan on March 2, 2018 (docket entry no. 82). Debtor's Amended Motion to Modify Chapter 13 Plan was granted at the April 18, 2018 hearing.

7. Debtor has not made all of his *post-petition* monthly mortgage payments to Movant since the filing of the instant bankruptcy. A *post-petition* payment history listing all of the monthly mortgage payments tendered by Debtor since the filing of the instant bankruptcy case is attached hereto as **Exhibit "F"**. As of September 17, 2018, Debtor was due and owing for a total of **thirty-nine (39)** *post-petition* monthly mortgage for the months of **July 2015** through and including **September 2018**. With respect to Movant's trust deed, the following is due and owing as of September 17, 2018:

| | |
|---|---|
| Unpaid Principal Balance | $ 1,059,633.65 |
| <u>Total Post-Petition Delinquencies:</u> | |
| 12 Monthly Payments (07/15 - 06/16) at $5,701.57 *each* | $ 68,418.84 |
| 3 Monthly Payments (07/16 - 09/16) at $5,850.07 *each* | $ 17,550.21 |
| 7 Monthly Payments (10/16 - 04/17) at $5,867.92 *each* | $ 41,075.44 |
| 2 Monthly Payments (05/17 - 06/17) at $5,872.75 *each* | $ 11,745.50 |
| 1 Monthly Payment (07/17) at $6,020.85 | $ 6,020.85 |
| 7 Monthly Payments (08/17 - 02/18) at $6,028.82 *each* | $ 42,201.74 |
| 4 Monthly Payments (03/18 - 06/18) at $6,068.54 *each* | $ 24,274.16 |

| | | | |
|---|---|---|---|
| 1 | 3 Monthly Payments (07/18 - 09/18) at $6,436.03 *each* | $ | 19,308.09 |
| 2 | Property Inspection Fees | $ | 33.00 |
| 3 | Bankruptcy Attorney Fees | $ | 1,280.00 |
| 4 | Suspense Balance | < $ | 171.18 > |
| 5 | TOTAL POST-PETITION DELINQUENCIES | $ | 231,736.65 |
| 6 | TOTAL UNPAID PRINCIPAL PLUS DELINQUENCIES | | $1,291,370.30 |

Furthermore, a monthly payment of $6,436.03 became due on October 1, 2018 and the same becomes due on the first (1st) day of every month thereafter. A late charge becomes due on any payment not made by the fifteenth (15th) day following the date the monthly payment is due.

8. Debtor indicated in his Schedule "D" (filed on November 27, 2014, as docket entry no. 15) (**Exhibit "G"**) that there is a junior lien encumbering the subject property in favor of Real Time Resolutions in the amount of $127,973.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28 day of September 2018 at Fort Lauderdale, Florida.

Kevin Escalante

Z:\LAW FILES\DECLARATION\SF13BLS.BNYM.DEC.MFR.Herischian-Heris.B25598.2.wpd

4